**Maurice SANDERS # B–79840, Plaintiff,**

v.

**CITY OF CHICAGO, et al., Defendants.**

**No. 10 C 623.**

United States District Court, N.D. Illinois, Eastern Division.

March 16, 2010.

Maurice Sanders, East Moline, IL, pro se.

## MEMORANDUM ORDER

MILTON I. SHADUR, Senior District Judge.

On January 29, 2010 this 42 U.S.C. § 1983 ("Section 1983") action by pro se plaintiff Maurice Sanders ("Sanders") was transferred to this District Court (and thence to this Court's calendar) from the United States District Court for the Central District of Illinois. That transfer was occasioned by the fact that although Sanders is in custody at the East Moline Correctional Center ("East Moline"), the lawsuit stems from events that took place when Sanders was housed in the Cook County Department of Corrections ("County Jail").

Because Sanders had not accompanied his AO 240 Application To Proceed Without Prepayment of the Filing Fee ("Application") with the required printout of transactions in his prison trust fund account (see 28 U.S.C. § 1915(a)(2)[1]), the Clerk's Office for the Central District of Illinois had requested such a printout before the case was transferred. That request took an inordinate amount of time to process—it was March 8 before this Court received the printout from East Moline, and it proved to be useless because the institution reported that Sanders had been there only since December 24, 2009 after having been transferred from Stateville Correctional Center ("Stateville").

This Court then turned to Stateville with a similar request. That institution was far more prompt in responding, but the printout that it provided reflected that Sanders had been only a short-term "visitor" there, arriving on December 7 and departing on December 24. So this Court had to take the third and final step of getting the necessary input from the County Jail, where Sanders turned out to have been housed even before July 1, 2009 (the beginning of the relevant six-month period—see Section 1915(a)(2)).

As might have been expected, the mountain has labored and brought forth a ridiculous mouse.[2] It turns out that the average monthly deposits to Sanders' trust fund accounts during that relevant six-month period came to the grand sum of $15, so that the required initial partial filing fee (20% of that amount, pursuant to Section 1915(b)(1)(A)) came to all of $3.

It is long past time for someone to comment on the absurdity of the procedure

---

1. All further references to Title 28's provisions will simply take the form "Section—."

2. Horace, *Ars Poetica:* Parturient montes, nascetur ridiculus mus.

that was fashioned by Congress in its effort to try to curb prisoner litigation by changing from the outright grant of in forma pauperis status to a system under which the prisoner becomes obligated to pay the $350 filing fee but is permitted to do so in installments. What the legislators obviously did not realize was how impractical and unwieldy the revised system is in actual operation. There is no realistic way to enforce the restructured statutory procedure, for neither the prison institutions nor the District Court clerks' offices have the personnel to monitor and keep track of the dribs and drabs that are required to be paid and received under the provisions of Section 1915.[3] And of course the burdens that are thrust on already busy District Judges in having to comply with Section 1915 and in having to issue rulings such as this one simply add to the monster that has been created by a Congress that has unintentionally acted the role of Dr. Frankenstein.

All of that said, Sanders' Application is at long last granted in the sense that he may proceed without *prepayment* of the $350 filing fee, although his obligation is to pay it in full, but in installments beginning with the initial $3 payment on account. Accordingly Sanders is assessed that initial fee of $3, and the East Moline trust fund officer is ordered to collect that amount from Sanders' trust fund account there and to pay it directly to the Clerk of Court ("Clerk"):

Office of the Clerk
United States District Court
219 South Dearborn Street
Chicago IL 60604
Attention: Fiscal Department

Both the initial payment and all future payments shall clearly identify Sanders' name and the 10 C 623 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this order to the East Moline trust fund officer.

After such initial payment, the trust fund officer at any correctional facility where Sanders is now or may hereafter be confined is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid.

This Court is contemporaneously issuing its customary initial scheduling order. It is set for 8:45 a.m. May 4, 2010 so that defense counsel can make arrangements for Sanders to be available telephonically to participate in the initial status hearing.

**3.** Moreover, the expense and administrative costs incurred in processing the small incremental payments—that is, if those payments are made at all—almost invariably exceed the dollars generated by the payments.